UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
-------------------------------------------------------x
In re:

                                                Chapter 7

MARLENE MARKARD

                                                Case No.: 812-71373 reg

                 Debtor.
-------------------------------------------------------x

**NOTICE OF MOTION FOR AN ORDER (i) PURSUANT TO 11 U.S.C.
§ 521(a)(4), DIRECTING THE DEBTOR TO TURN OVER PROPERTY OF THE
ESTATE, AND (ii) AWARDING THE TRUSTEE FEES
AND COSTS FOR THIS MOTION**

    **PLEASE TAKE NOTICE** that upon the annexed Motion of R. Kenneth Barnard, as Chapter 7 Trustee of the Estate of Marlene Markard, the said Trustee will move this Court before the Honorable Robert E. Grossman, United States Bankruptcy Judge, on **May 22, 2013**, at **9:30 a.m.**, or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, Long Island Federal Courthouse, 290 Federal Plaza, Central Islip, NY, for an Order, (i) pursuant to 11 U.S.C. § 521(a)(4), directing the Debtor to turn over property of the estate, including non-exempt funds aggregating $5,481, and (ii) awarding the Trustee fees, costs and sanction of $500.00 for this motion, along with such other and further relief as may seem just and proper.

    **PLEASE TAKE FURTHER NOTICE,** that objections or opposition to the Motion shall be filed as follows: (a)(i) through the Bankruptcy Court's electronic filing system (in accordance with General Order No. 559) which may be accessed through the Internet at the Court's website at www.nyeb.uscourts.gov, using Netscape Navigator software version 3.0 or higher, and (ii) in portable document format (PDF) using Adobe Exchange

software for conversion; or (b) if a party is unable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number of the document to which the objection or opposition refers, and the file name on the outside of the envelope; or (c) if a party is unable to file electronically or use PDF format, such party shall submit the objection or opposition on a diskette in either Word, WordPerfect, or DOS text (ASCII) format. An objection, or affidavit in opposition filed by a party with no legal representation shall comply with section (b) or (c) as set forth in this paragraph. A hard copy of the objection, whether filed pursuant to section (a), (b) or (c), as set forth in this paragraph, shall be served upon the Trustee's counsel, The Law Offices of R. Kenneth Barnard, 3305 Jerusalem Avenue, Suite 215, Wantagh, New York 11793, the Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722, and filed with the Clerk of the Bankruptcy Court, with a copy to chambers so as to be received at least 7 days prior to the return date of this Motion.

Dated: Wantagh, New York
     April 18, 2013

                                          **LAW OFFICES OF**
                                          **R. KENNETH BARNARD**
                                          Attorneys for the Trustee

               By:    ***s/ R. Kenneth Barnard***
                       R. Kenneth Barnard
                       3305 Jerusalem Avenue
                       Suite 215
                       Wantagh, New York 11793
                       (516) 809-9397

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION
-------------------------------------------------------x
In re:

                                          Chapter 7

MARLENE MARKARD

                                          Case No.: 812-71373 reg

                   Debtor.
-------------------------------------------------------x

**TRUSTEE'S MOTION FOR AN ORDER (i) PURSUANT
TO 11 U.S.C. § 521(a)(4), DIRECTING THE DEBTOR TO TURN
OVER PROPERTY OF THE ESTATE, AND (ii) AWARDING
THE TRUSTEE FEES AND COSTS FOR THIS MOTION**

      R. Kenneth Barnard, Esq., the Chapter 7 Trustee (the "Trustee") of the Estate of the above captioned Debtor (the "Debtor"), hereby seeks, the entry of an Order (i) pursuant to 11 U.S.C. § 521(a)(4), directing the Debtor to turn over property of the estate, and (ii) awarding the Trustee fees, costs and sanctions for this motion, and further and different relief as the Court deems just and proper.

## BACKGROUND

1. On 03/07/12 (the "Filing Date"), the Debtor filed a voluntary Petition for relief pursuant to Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Thereupon, by Notice of Appointment, R. Kenneth Barnard, Esq., was appointed Chapter 7 Trustee of the estate (the "Trustee") and has since duly qualified, and has served as the permanent Trustee in this case.

2. After examining the Debtor at a §341(a) meeting on 04/04/12, the Trustee discovered that on the Filing Date the Debtor, (i) had $16,200 in cash, (ii) was entitled to receive a state tax refund of $1,090, and (iii) had $166 on deposit in a

bank account, for a total of $ 17,456. The Debtor asserted an exemption of $11,975 with respect thereto, leaving $5,481 in funds not properly subject to any applicable exemption (the "Non-exempt Funds"). The Trustee has requested the turn over of the Non-exempt Funds. Despite repeated verbal and written requests, the Debtor has not turned over the Non-exempt Funds to the Trustee. Indeed, the Debtor's counsel has not responded to any of the Trustee's correspondence.

3. The Trustee first requested the turn over of the Non-exempt Funds at the 341 meeting on April 4, 2012.

4. By letter dated April 24, 2012, the Trustee requested the turn over of the Non-exempt Funds. The Trustee received no response, and the Non-exempt funds were not been delivered to the Trustee.

5. Thereafter, the Trustee requesting the turn over of the Non-exempt Funds by telephone calls to th office of Debtor's counsel.

6. On 8/3/12 the Trustee sent the Debtor's counsel, a "Second Request" for the turn over of the Non-exempt Funds.

7. On 8/17/12 the Trustee sent the Debtor's counsel, a "Third Request" for the turn over of the Non-exempt Funds. The Trustee received no response, and the Non-exempt funds were not been delivered to the Trustee.

8. Despite the Trustee's numerous requests, the Debtor has not turned over the Non-exempt Funds. The Trustee respectfully asserts that the Debtor has a statutory obligation to turn over the documents, information and/or property of the estate he has repeatedly demanded. Section 521 of the Bankruptcy Code, entitled "Debtor's duties" provides: "The debtor shall . . . (4) if a trustee is serving in the

case, surrender to the trustee . . . any recorded information including books, documents, records and papers relating to property of the estate . . . ." Despite this statutory requirement, the Debtor has not turned over the property.

9. As a consequence of the failure to comply with the Trustee's requests, the Estate has been forced to incur legal fees for the preparation, filing and argument in support of this motion. The Trustee anticipates that the preparation, service, and filing of the motion papers, and required court appearance in support of the motion, will consume not less than 3 hours. The normal and customary rate charged by the undersigned is $425 per hour. Therefore, the fees and expenses incurred by the estate in prosecuting this motion are anticipated to be not less than $1,275.00.

**WHEREFORE**, the Trustee respectfully requests an Order (i) pursuant to 11 U.S.C. § 521(a)(4), directing the Debtor to turn over property of the estate, including non-exempt funds aggregating $5,481, and (ii) awarding the Trustee fees, costs and sanction of $500.00 for this motion; and granting the Trustee such other and further relief as to the Court may seem just and proper.

Dated: Wantagh, New York
April 18, 2013

        **LAW OFFICES OF**
        **R. KENNETH BARNARD**
        Attorneys for the Trustee

By: *s/ R. Kenneth Barnard*
     R. Kenneth Barnard
     3305 Jerusalem Avenue
     Suite 215
     Wantagh, New York 11793
     (516) 809-9397